# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**KIMBERLY SUE GRIFFIN,**

    **Plaintiff,**

**v.**                                                                                     Case No:   6:18-cv-2169-Orl-LRH

**COMMISSIONER OF SOCIAL SECURITY,**

    **Defendant.**

## MEMORANDUM OF DECISION

Kimberly Sue Griffin ("Claimant") appeals the Commissioner of Social Security's final decision denying her application for disability benefits. (Doc. 1). The Claimant raises several arguments challenging the Commissioner's final decision and, based on those arguments, requests that the matter be reversed and remanded for further proceedings. (Doc. 21 at 24-34, 42-47, 49). The Commissioner argues that the Administrative Law Judge ("ALJ") committed no legal error and that his decision is supported by substantial evidence and should be affirmed. (*Id*. at 34-42, 47-49). Upon review of the record, the Court finds that the Commissioner's final decision is due to be **REVERSED** and **REMANDED** for further proceedings.

**I.    Procedural History**

This case stems from the Claimant's application for disability insurance benefits. (R. 326-27). The Claimant alleged a disability onset date of June 23, 2015. (R. 27). The Claimant's application was denied on initial review and on reconsideration. The matter then proceeded before an ALJ, who, after holding a hearing (R. 92-122), entered a decision on March 20, 2018 denying the Claimant's application for disability benefits. (R. 27-40). The Claimant requested review of

the ALJ's decision, but the Appeals Council denied her request for review. (R. 1-4). This appeal followed.

## II. The ALJ's Decision

In reaching his decision, the ALJ performed the five-step evaluation process as set forth in 20 C.F.R. § 404.1520(a).[1] The ALJ found the Claimant suffered from the following severe impairments: lumbar degenerative disc disease with radiculopathy; status post lumbar decompression and fusion from L4 to S1; cervical spine post-laminectomy syndrome; status post anterior cervical discectomy and fusion, with revision from C4 to C7; and essential hypertension. (R. 29). The ALJ also found the Claimant suffered from the following non-severe impairments: carpal tunnel syndrome; right and left elbow surgeries; arthritis of the left thumb; IBS; resection of the colon; left foot bunionectomy; herpes; and anxiety. (R. 30-32). The ALJ, however, determined that the Claimant did not have an impairment or combination of impairments that met or medically equaled any listed impairment. (R. 32-33).

The ALJ next found the Claimant had the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 404.1567(b)[2] with the following specific limitations:

---

[1] An individual claiming Social Security disability benefits must prove that he or she is disabled. *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)). The five steps in a disability determination include: (1) whether the claimant is performing substantial, gainful activity; (2) whether the claimant's impairments are severe; (3) whether the severe impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) whether the claimant can return to his or her past relevant work; and (5) based on the claimant's age, education, and work experience, whether he or she could perform other work that exists in the national economy. *See generally Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004) (citing 20 C.F.R. § 404.1520).

[2] Light work is defined as "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of

> [S]tanding and/or walking four hours total in an eight-hour workday, and sitting about six hours total in an eight-hour workday; occasional climbing of ramps and stairs; no climbing of ladders, ropes, or scaffolds; occasional balancing, stooping, kneeling, crouching, and crawling; and she must avoid concentrated exposure to vibrations and hazards, such as open flames, unprotected heights, and dangerous moving machinery.

(R. 33). In light of this RFC, the ALJ found that the Claimant is able to perform her past relevant work as a loan officer. (R. 39). Based on this finding, the ALJ did not continue onto step five and concluded that the Claimant was not disabled between her alleged disability onset date (June 23, 2015) and the date of the ALJ's decision (March 20, 2018). (R. 39).

### III. Standard of Review

The scope of the Court's review is limited to determining whether the Commissioner applied the correct legal standards and whether the Commissioner's findings of fact are supported by substantial evidence. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011). The Commissioner's findings of fact are conclusive if they are supported by substantial evidence, 42 U.S.C. § 405(g), which is defined as "more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). The Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the Commissioner's decision, when determining whether the decision is supported by substantial evidence. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). The Court may not reweigh evidence or substitute its judgment for that of the Commissioner, and, even if the evidence preponderates against the Commissioner's decision, the reviewing court must affirm it if the decision is supported by substantial evidence. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).

---

these activities." 20 C.F.R. § 404.1567(b).

**IV. Analysis**

The Claimant raises the following assignments of error: 1) the ALJ erred by assigning treating physician Dr. Robert Simon's opinion little weight; 2) the ALJ erred by assigning treating physician Dr. Amer Ansari's opinion little weight; 3) the ALJ failed to weigh Nurse Richard M. Marion's opinion; and 4) the Appeals Council erred by not reviewing additional evidence submitted after the ALJ's decision. (Doc. 21 at 24-34, 42-47). The Court will begin with the Claimant's second assignment of error, which is dispositive of this appeal.

**A. Dr. Ansari**

The Claimant contends that the ALJ's reasons for assigning Dr. Ansari's opinion little weight are not supported by substantial evidence. (Doc. 21 at 29). In response, the Commissioner contends that the ALJ articulated good cause reasons supported by substantial evidence to assign Dr. Ansari's opinion little weight. (*Id*. at 39).

The ALJ is tasked with assessing a claimant's RFC and ability to perform past relevant work. *Phillips*, 357 F.3d at 1238. The RFC "is an assessment, based upon all of the relevant evidence, of a claimant's remaining ability to do work despite his impairments." *Lewis*, 125 F.3d at 1440. In determining a claimant's RFC, the ALJ must consider all relevant evidence, including the medical opinions of treating, examining and non-examining medical sources, as well as the opinions of other sources. *See* 20 C.F.R. § 404.1545(a)(3); *see also Rosario v. Comm'r of Soc. Sec.*, 490 F. App'x 192, 194 (11th Cir. 2012).[3]

The ALJ must consider a number of factors in determining how much weight to give each medical opinion, including: 1) whether the physician has examined the claimant; 2) the length,

---

[3] In the Eleventh Circuit, unpublished decisions are not binding, but are persuasive authority. *See* 11th Cir. R. 36-2.

nature, and extent of the physician's relationship with the claimant; 3) the medical evidence and explanation supporting the physician's opinion; 4) how consistent the physician's opinion is with the record as a whole; and 5) the physician's specialization. 20 C.F.R. § 404.1527(c).

A treating physician's opinion must be given controlling weight, unless good cause is shown to the contrary. 20 C.F.R. § 404.1527(c)(2) (giving controlling weight to the treating physician's opinion unless it is inconsistent with other substantial evidence); *see also Winschel*, 631 F.3d at 1179. There is good cause to assign a treating physician's opinion less than controlling weight where: 1) the treating physician's opinion is not bolstered by the evidence; 2) the evidence supports a contrary finding; or 3) the treating physician's opinion is conclusory or inconsistent with the physician's own medical records. *Winschel*, 631 F.3d at 1179.

The ALJ must state the weight assigned to each medical opinion, and articulate the reasons supporting the weight assigned. *Id*. The failure to state the weight with particularity or articulate the reasons in support of the assigned weight prohibits the Court from determining whether the ALJ's ultimate decision is rational and supported by substantial evidence. *Id*.

The Claimant began treating with Dr. Ansari for pain management in June 2017. (R. 876-77). During the initial visit, the Claimant complained of neck and lower back pain, which radiated to her extremities. (R. 877). Dr. Ansari also noted that the Claimant was not working and that her opioid regimen cut her pain in half. (R. 877-78). The Claimant, though, reported muscle aches, muscle weakness, joint pain, back pain, swelling in her extremities, neck pain, and muscle spasms. (R. 879). On physical examination, Dr. Ansari observed, among other things, moderate tenderness, spasms, and reduced range of motion in the Claimant's cervical and lumbar spines, as well as a positive straight leg raise in the Claimant's left leg. (R. 880-84). Dr. Ansari assessed the Claimant with various spinal impairments and did not assess any work limitations as a result of

those impairments. (R. 885, 887). The Claimant continued to treat with Dr. Ansari each month through January 2018. (R. 890-903, 1012-24, 1057-97, 1108-1135).[4] The Claimant's complaints and Dr. Ansari's clinical observations and assessments, including the lack of any work limitations, remained largely unchanged during this period of time. (*Id.*).

On January 9, 2018, Dr. Ansari completed a medical questionnaire, in which he opined that the Claimant had the following limitations: she can occasionally lift and carry less than ten (10) pounds; she can sit for two hours without interruption; she can sit for a total of four to five hours in an eight-hour workday; she can stand or walk for one hour without interruption; and she can stand or walk for a total of two to three hours in an eight-hour workday. (R. 1136-37). Dr. Ansari stated that the Claimant's worsening neck and lower back pain caused by lifting and prolonged sitting, standing, and walking support the foregoing limitations. (*Id.*). Dr. Ansari also opined that the Claimant can occasionally stoop, but never climb, balance, crouch, kneel, or crawl, and she is unable to reach overhead and can only push and pull less than fifteen (15) pounds. (R. 1137). Dr. Ansari again attributed many of these limitations to the Claimant's pain. (*Id.*).

The ALJ considered Dr. Ansari's opinion and assigned it little weight, explaining:

> As support for his opinion, he mainly provided statements as to the claimant's pain. However, his own treating shows, as discussed above, that the claimant has reported that her medications improve these symptoms. Moreover, his treating notes show that he has imposed no work restriction on the claimant. (*See* Exhibits 25F/9, 26F/12, 30F/11, 56, 69, 83, and 32F/11). It was not until January 8, 2018 when he noted that the claimant was not currently working, (Exhibit 32F/25), which indicates the lack of restriction was not solely because the claimant was not working.

(R. 36). Accordingly, the ALJ assigned little weight to Dr. Ansari's opinion because it was

---

[4] The Claimant treated with Dr. Ansari beyond January 2018, but records from those visits were not submitted to the Commissioner until after the ALJ entered his decision. (R. 49-91). The ALJ therefore did not consider any treatment records from Dr. Ansari post-dating January 2018 and, consequently, the Court will not consider those records when addressing the Claimant's argument challenging the weight the ALJ assigned to Dr. Ansari's opinion.

inconsistent with the improvement provided by the Claimant's medications and Dr. Ansari's routine determination that no work restrictions were warranted. (*Id.*).

The Claimant contends that the ALJ's first reason is not supported by substantial evidence because "a fair reading of Dr. Ansari's treatment notes shows [her] pain was not controlled and she had many limitations as a result." (Doc. 21 at 29). The Court agrees, albeit for a slightly different reason. The ALJ appears to assume that Dr. Ansari's opinion does not account for the improvement that the Claimant reportedly experienced when she complies with her medication regimen. Based on this assumption, the ALJ infers that if the effect of the Claimant's medication is taken into account her functional limitations would not be as severe as those contained in Dr. Ansari's opinion. There is, however, nothing in the record to support the ALJ's assumption. It could be that Dr. Ansari considered the effect of the Claimant's medications and still found her unable to perform a full range of sedentary work. Ultimately, it is unclear from the record whether Dr. Ansari accounted for the improvement provided by the Claimant's medications. Given this uncertainty and the lack of any evidence to support the ALJ's interpretation of Dr. Ansari's opinion, the Court finds the ALJ's first reason is not supported by substantial evidence.[5]

The ALJ's second reason – that Dr. Ansari did not impose work restrictions on the Claimant in any of his treatment notes – does not fair any better. The Claimant essentially contends that the ALJ misstated the record when he found that Dr. Ansari first noted that the Claimant was not

---

[5] The Commissioner also argues that Dr. Ansari's reliance on the Claimant's pain is not acceptable, because symptoms, such as pain, are not an acceptable basis for a medical opinion. (Doc. 21 at 39). The ALJ, however, did not offer this explanation in support of the weight he assigned to Dr. Ansari's opinion. (*See* R. 36). The Court cannot affirm the Commissioner's decision based on *post hoc* rationalizations. *See, e.g.*, *Dempsey v. Comm'r of Soc. Sec.*, 454 F. App'x 729, 733 (11th Cir. 2011) (A court will not affirm based on a post hoc rationale that "might have supported the ALJ's conclusion.") (quoting *Owens v. Heckler*, 748 F.2d 1511, 1516 (11th Cir. 1984)). As a result, the Court has not considered the Commissioner's *post hoc* argument.

working in January 2018. (Doc. 21 at 29). As a result of this misstatement, the Claimant suggests that the ALJ's second reason is not supported by substantial evidence.[6] The Court agrees. It appears that the ALJ found that because Dr. Ansari did not impose any work restrictions until January 2018, that Dr. Ansari must have implicitly believed that the Claimant's unemployment was not due to any impairments and, in turn, that Dr. Ansari further believed that the Claimant did not have any impairment-related work restrictions prior to January 2018. However, contrary to what the ALJ stated, every treatment note from Dr. Ansari – beginning in June 2017 through January 2018 – states "[w]ork difficulties not applicable as patient is not currently working." (R. 877, 892, 1014, 1059, 1072, 1086, 1110, 1124). Accordingly, the ALJ did misstate the record and this misstatement is material to his second reason for assigning Dr. Ansari's opinion little weight. Given the evidence of Dr. Ansari's long-term awareness of the Claimant's unemployment it is, at best, unclear whether Dr. Ansari's decision to not impose work limitations in any of his treatment notes was affected by his knowledge of the Claimant's unemployment. *See Clyburn v. Comm'r, Soc. Sec. Admin.*, 555 F. App'x 892, 894 (11th Cir. 2014) ("When a doctors silence about a claimant's ability to work is subject to competing inferences, we have stated that no inference should be drawn from that silence.") (citing *Lamb v. Bowen,* 847 F.2d 698, 703 (11th Cir.1988)). The Court therefore finds the ALJ's second reason is not supported by substantial evidence.

In summary, the Court finds that the ALJ's reasons for assigning Dr. Ansari's opinion little weight are not supported by substantial evidence.[7] The Court therefore concludes that this matter

---

[6] The Commissioner does not contest the Claimant's point that the ALJ misstated the record. (Doc. 21 at 39). Instead, the Commissioner simply adopts the ALJ's reasoning, suggesting that it is supported by substantial evidence. (*Id*.).

[7] The Commissioner appears to argue that any error with respect to Dr. Ansari's opinion is harmless because even if the ALJ adopted the limitations in Dr. Ansari's opinion the Claimant would still be able to perform her past relevant work as a loan officer. (Doc. 21 at 40-41). In support,

must be reversed and remanded to the Commissioner for further proceedings consistent with this Order.

### B. The Claimant's Other Assignments of Error

In her remaining assignments of error, the Claimant contends that the ALJ erred by assigning Dr. Simon's opinion little weight and failing to weigh Nurse Marion's opinion. (Doc. 21 at 26, 29-31). The Claimant also contends that the Appeals Council erred by not reviewing additional evidence submitted after the ALJ's decision. (*Id*. at 42-47). The Court declines to rule on these assignments of error because the ruling on the second assignment of error is dispositive of this appeal. *See Diorio v. Heckler*, 721 F.2d 726, 729 (11th Cir. 1983) (on remand the ALJ must reassess the entire record); *McClurkin v. Soc. Sec. Admin.*, 625 F. App'x 960, 963 n.3 (11th Cir. 2015) (no need to analyze other issues when case must be reversed due to other dispositive errors).

On remand, however, the ALJ should provide more detail in support of the first reason he gave to assign Dr. Simon's opinion little weight, *i.e.*, that it was "inconsistent with other objective evidence[.]" (R. 36). While the ALJ goes on to state that he would discuss the "other objective evidence" later in his decision, it is unclear to what evidence the ALJ is referring. (*See id*.). The ALJ's first reason for assigning Dr. Simon's opinion little weight is therefore conclusory and, as such, prohibits meaningful review of whether that reason is supported by substantial evidence.

---

the Commissioner points to the functional requirements for a loan officer set forth in the Dictionary of Occupational Titles ("DICOT"), which classifies the job as sedentary. DICOT 186.267-018, 1991 WL 671342 (4th ed. 1991). However, the Court cannot tell from looking at Dr. Ansari's opinion and the DICOT's description of a loan officer's job whether the Claimant could still perform that job based on the limitations in Dr. Ansari's opinion. For example, the DOT explains that sedentary work involves "sitting for most of the time[.]" (*Id*.). Dr. Ansari opined that the Claimant could only sit for two hours at a time and for a total of four to five hours in an eight-hour workday. (R. 1137). The Court cannot reconcile the DICOT and Dr. Ansari's opinions without making a finding of fact, which is prohibited. *Bloodsworth*, 703 F.2d at 1239. The Court therefore cannot find that the error is harmless.

Accordingly, on remand, if the ALJ again finds Dr. Simon's opinion is inconsistent with "other objective evidence" of record, he shall clearly identify the evidence he finds to be inconsistent with Dr. Simon's opinion.

**V.     Conclusion**

Accordingly, it is **ORDERED** that:

1. The Commissioner's final decision is **REVERSED** and **REMANDED** for further proceedings consistent with this Order pursuant to sentence four of 42 U.S.C. § 405(g).

2. The Clerk is **DIRECTED** to enter judgment in favor of the Claimant and against the Commissioner, and to close the case.

**DONE** and **ORDERED** in Orlando, Florida on March 23, 2020.

_____
LESLIE R. HOFFMAN
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record

The Court Requests that the Clerk
Mail or Deliver Copies of this order to:

The Honorable Doug Gabbard, II
Administrative Law Judge
Office of Hearings Operations
Social Security – OHO
524 South 2nd St.
McAlester, OK 74501-9901