# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

KIMBERLY SUE GRIFFIN,

        Plaintiff,

v.                                                    Case No:   6:18-cv-2169-LHP

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant

---

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **UNOPPOSED MOTION FOR ATTORNEY'S FEES UNDER 42 U.S.C. § 406(b) (Doc. No. 35).**
>
> **FILED:** February 13, 2023
>
> ---
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED.**[1]

---

[1] The parties previously consented to my jurisdiction over this case.   Doc. Nos. 11, 15-16.

## I.     BACKGROUND

Prior to filing this case, on November 29, 2018, Kimberly Sue Griffin ("Claimant") entered into a contingency fee agreement with Attorney Bradley K. Boyd, for the purpose of appealing the Commissioner of Social Security's (the "Commissioner") denial of her claim for disability benefits.  Doc. No. 35-4.  If the Court remanded the case to the Commissioner for further proceedings and the Commissioner awarded Claimant past-due benefits, then, under the agreement, Claimant agreed to pay Attorney Boyd and his law firm a fee of twenty-five percent (25%) of the total amount of the past-due benefits ultimately awarded.  *Id.*

On December 19, 2018, Claimant filed a complaint in this Court alleging that the Commissioner improperly denied her claim for disability benefits.  Doc. No. 1. On March 23, 2020, after considering the parties' joint briefing (Doc. No. 21), the Court issued a Memorandum of Decision reversing and remanding the matter to the Commissioner for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).  Doc. No. 24.  Judgment was entered in favor of Claimant and against the Commissioner the following day.  Doc. No. 25.  On remand, the Commissioner found that Claimant was disabled and awarded her, among other things, a total of $69,408.00 in past-due benefits.  Doc. No. 35-1, at 2; Doc. No. 35-2, at 1.

On June 23, 2022, the Court awarded Claimant a total of $5,844.21 in attorneys' fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d),

representing approximately 29.06 hours of attorney time expended on this case before this Court.   Doc. Nos. 26-27.

Attorney Boyd has now filed a motion seeking authorization for an award of $17,352.00 in attorneys' fees pursuant to 42 U.S.C. § 406(b).   Doc. No. 35.   This amount represents 25% of the past-due benefits awarded.   *See* Doc. No. 35-1, at 2; Doc. No. 35-2, at 1.   However, as Attorney Boyd represents, and as the documentation from the Commissioner supports, the Commissioner failed to withhold the $17,352.00 from Claimant's past-due benefits, and instead paid the entire $69,408.00 to Claimant.   Doc. No. 35, at 6;[2] *see also* Doc. No. 35-1, at 2; Doc. No. 35-2, at 1.   Attorney Boyd further represents that Claimant has paid to him $18,043.00 for attorneys' fees in this matter, and that Attorney Boyd has held this amount in his trust account and will continue to do so until the Court approves an award of § 406(b) fees.   *Id.*   According to Attorney Boyd, he has already returned to Claimant $691.00 – the difference between what Claimant paid, and the actual 25% of past-due benefits amount ($18,043.00 - $17,352 = $691.00).   In addition, Attorney Boyd has agreed to return the $5,844.21 in EAJA fees to Claimant upon the Court's approval of the present motion.   Doc. No. 35, at 6.   *See Jackson v.*

---

[2] Citations to the Claimant's unopposed motion for attorney's fees refer to the page numbers assigned by CM/ECF, rather than the internal pagination provided by Claimant's motion.

*Comm'r of Soc. Sec.*, 601 F.3d 1268, 1274 (11th Cir. 2010) (if the court awards both EAJA and § 406(b) fees, the attorney must refund to claimant the amount of the smaller fee and may effectuate such refund by deducting the amount of the EAJA award from the § 406(b) request).   The Commissioner does not oppose the motion.  Doc. No. 35, at 20.   The matter is ripe for review.

## II.     APPLICABLE LAW

Attorney Boyd seeks attorney fees pursuant to § 406(b), which provides, in relevant part, as follows:

> Whenever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]

42 U.S.C. § 406(b)(1)(A).[3]   The statute further provides that it is unlawful for an attorney to charge, demand, receive, or collect for services rendered in connection with proceedings before a court any amount more than that allowed by the court.

---

[3] In *Culbertson v. Berryhill*, 139 S. Ct. 517 (2019), the United States Supreme Court determined that the twenty-five percent limit on the amount of fees to be awarded from past-due benefits applies only to fees for court representation, rather than to the aggregate of fees awarded for work at the administrative level pursuant to 42 U.S.C. § 406(a) and fees awarded for work in a court pursuant to 42 U.S.C. § 406(b).   In this decision, the Supreme Court reversed previous controlling law in this Circuit that required the court to consider § 406(a) fees and § 406(b) fees in the aggregate when calculating the twenty-five percent limit on the amount of fees that could be awarded from past-due benefits.   *See Dawson v. Finch*, 425 F.2d 1192 (5th Cir. 1970).   Accordingly, here, the Court has not considered any § 406(a) fees awarded to Claimant's attorney at the administrative level.

*Id.* § 406(b)(2). Therefore, to receive a fee under this statute, an attorney must seek court approval of the proposed fee, even if there is a fee agreement between the attorney and the client.

In *Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273 (11th Cir. 2006), the Eleventh Circuit held that § 406(b) "authorizes an award of attorney's fees where the district court remands the case to the Commissioner of Social Security for further proceedings, and the Commissioner on remand awards the claimant past-due benefits." *Id.* at 1277. Accordingly, if the court remands a case to the Commissioner, the claimant's attorney is entitled to recover his attorneys' fees for the work he performed before the court under § 406(b) if, on remand, the Commissioner awards the claimant past-due benefits. *Id.*

An attorney cannot recover a fee for the same work under both the EAJA and § 406(b) — both of which compensate the attorney for the attorney's efforts before the district court. If the court awards an attorney fee pursuant to both provisions, then the attorney must refund to the claimant the amount of the smaller fee. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002). The attorney may choose to effectuate the refund by deducting the amount of an earlier EAJA award from the attorney's subsequent § 406(b) fee request. *See Jackson*, 601 F.3d at 1274.

The reasonableness of an attorney fee under § 406(b) depends on whether the claimant agreed to pay the attorney an hourly rate or a contingency fee. In the case

of a contingency fee, the best indicator of "reasonableness" is the percentage negotiated between the claimant and the attorney. *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990). However, a court cannot rely solely on the existence of a contingency fee agreement. *See Gisbrecht*, 535 U.S. at 807-08. Rather, a court must review the contingency fee agreement as an independent check to assure that it yields a reasonable result in each case. *Id.* In determining whether the amount sought is reasonable, the court may consider the following factors: (1) the character of the attorney's representation and the result achieved; (2) the number of hours spent representing the claimant and the attorney's normal billing rate; (3) the risk involved in taking claimant's case on a contingency basis; and (4) whether the attorney was responsible for delaying the proceedings. *See id.* at 808; *see also McGuire v. Sullivan*, 873 F.2d 974, 981 (7th Cir. 1989); *McKee v. Comm'r of Soc. Sec.*, Case No. 6:07-cv-1554-Orl-28KRS, 2008 WL 4456453, at *5 (M.D. Fla. Sept. 30, 2008); *Yarnevic v. Apfel*, 359 F. Supp. 2d 1363, 1365 (N.D. Ga. 2005) (noting that the hours spent, and billing rate does not control a court's determination of overall reasonableness). The attorney seeking fees under § 406(b) bears the burden of showing that the fee sought is reasonable for the services rendered. *Gisbrecht*, 535 U.S. at 807 n.17; *McKee*, 2008 WL 4456453, at *5.

**III. ANALYSIS**

Attorney Boyd represented Claimant before this Court and, through his advocacy, achieved a reversal and remand of the Commissioner's final decision. Doc. Nos. 24-25. Ultimately, the Commissioner found that Claimant was disabled, and awarded her a total of $69,408.00 in past-due benefits. Doc. Nos. 35-1, 35-2. Attorney Boyd is therefore entitled to an award of attorneys' fees under § 406(b). *See Bergen*, 454 F.3d at 1271.

Attorney Boyd is entitled to recover up to twenty-five (25%) percent of the past-due benefits awarded to Claimant, in the amount of $17,352.00. *See* 42 U.S.C. § 406(b)(1)(A); Doc. Nos. 35-1, 35-2. This is the amount he seeks in the present motion. Doc. No. 35, at 6. Given Attorney Boyd's representations noted above concerning the Commissioner's failure to withhold the 25% of past-due benefits, the amount currently held in his trust account, and Attorney Boyd's election to return the entirety of the EAJA award of $5,844.21 to Claimant upon an order awarding him § 406(b) fees, the Court finds that Attorney Boyd is entitled to collect the total requested amount of $17,352.00 in attorneys' fees. *See* Doc. No. 35, at 6; *Jackson*, 601 F.3d at 1272; *Bergen*, 454 F.3d at 1273, 1277.

As a final matter, the Court finds that the amount Attorney Boyd requests in § 406(b) fees is reasonable. First, Claimant entered a contingency-fee agreement, in which she agreed to pay Attorney Boyd and his law firm a fee of twenty-five

percent (25%) of the total amount of the past due benefits ultimately awarded. Doc. Nos. 35-4. This agreement militates in favor of finding that the requested amount is reasonable. *See Wells*, 907 F.2d at 371. Second, Attorney Boyd represents that he spent 29.06 hours litigating Claimant's case before this Court. Doc. No. 35-5. As a result of Attorney Boyd's advocacy, Claimant was successful on her claim and became entitled not only to past-due benefits, but also to future benefits to which Claimant would not have otherwise been entitled. Doc. Nos. 35-1, 35-2. Third, there is no evidence that Attorney Boyd or his law firm caused any delays in this case. Finally, Attorney Boyd undertook significant risk of non-payment by taking this case on a contingency basis after the Commissioner denied Claimant's request for disability benefits. Considering the foregoing, and absent any objections from the Commissioner, the Court finds the request for $17,352.00 in attorney fees under § 406(b) is not a windfall and is reasonable under the circumstances of this case.

**IV.   CONCLUSION**

Accordingly, it is **ORDERED** that:

1. Unopposed Petition for Attorneys' Fees Under 42 U.S.C. § 406(b) (Doc. No. 35) is **GRANTED**.

2. Attorney Boyd is authorized to charge Claimant a total of $17,352.000 in §406(b) fees and is **DIRECTED** to immediately refund to Claimant the full amount of previously awarded EAJA fees ($5,844.21).

**DONE** and **ORDERED** in Orlando, Florida on March 16, 2023.

*Leslie Hoffman Price*

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties